IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRENDA GAY MIMS | § | |
| v. | § | CIVIL ACTION NO. 9:06cv166 |
| | | (Crim. No. 9:98cr39) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Brenda Mims, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of her sentence. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mims' motion argued that there was no lawful basis to hold her because the indictment and superseding indictment had been dismissed, that her petition was not time-barred because she was proceeding directly under the Constitution, that Public Laws 80-772 and 80-773, concerning the jurisdiction of the federal courts, were never properly enacted and thus void, that the habeas corpus statutes were nullities, and that the Government did not instruct the jury that it (the jury) had to find that the crimes were committed within the Eastern District of Texas, and this failure acts as "the equivalent of a not-guilty verdict."

After review of the motion, the Magistrate Judge issued a Report on August 15, 2006, recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge stated that the public laws cited by Mims had not been improperly enacted and so 18 U.S.C. §3231, enacted pursuant to these statutes, was not unconstitutional. The Magistrate Judge also determined that Mims' petition was barred by the statute of limitations set out in 28 U.S.C. §2255 and that Mims'

1

contention that the indictments against her were dismissed was incorrect.  The Magistrate Judge concluded that Mims had not shown any violation of the Constitution or laws of the United States in her conviction or sentence and therefore recommended that the petition be dismissed.

Mims filed objections to the Magistrate Judge's Report on August 25, 2006.  These objections argue that Mims' petition is not barred by limitations because she is proceeding under the gateway of "actual innocence" and "miscarriage of justice."  She says that she is actually innocent of the charges and so it would be a miscarriage of justice if the Court did not correct her fundamentally unjust incarceration.  Mims cites cases from the Second and Third Circuits for the proposition that a miscarriage of justice claim can "permit the limitations bar to go forward."

Next, Mims says that she has made many efforts to obtain copies of the trial records, but to no avail.  She wrote to her attorney, who sent her records which were irrelevant to her requests.  She complained about meetings with the prosecutor and law enforcement officials at which they attempted to question her about her knowledge of drug trafficking, but says that she gave them no information; Mims says that this failure to provide evidence did not give the Government the right to bring in "persons already apprehended" to give evidence against her at trial.  She says that she had a "mock trial" and that she has yet to receive a copy of the indictment.

Mims' objections are without merit.  The Fifth Circuit has specifically held that claims of actual innocence do not provide a basis for equitable tolling of the statute of limitations.  Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000).  Although she talks about claims of innocence or a fundamental miscarriage of justice being a "gateway," this refers to claims which have been procedurally defaulted, not claims which are barred by the statute of limitations.  See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004); Fierro v. Cockrell, 294 F.3d 674, 683 and n.17 (5th Cir. 2002).  The cases cited by Mims are inapposite.  This contention is without merit.

Next, Mims complains about the difficulty she has experienced in obtaining records.  However, she makes no showing that this prevented her from filing her motion in a timely manner; Mims does not point to any claims which she wanted to raise but could not because of the lack of

records, much less that any such claims contained any likely merit.  Most if not all of the claims in her motion, including her claims regarding the unconstitutionality of the statutes or public laws which she challenges and her complaint that she did not receive a copy of the indictment, could have been raised without recourse to trial records.  This contention fails to show any valid basis for setting aside the Magistrate Judge's Report.

In addition, the Court notes that Mims did not raise this contention in her motion to vacate, but raises it for the first time in her objections to the Report.  The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court.  Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).  Mims' claim on this point is without merit for this reason as well.

Finally, Mims asserts that she had a "mock trial," indicating that the Government brought in persons already convicted to testify against her despite her innocence.  This is a claim which should have been raised on direct appeal rather than in a Section 2255 setting.  The general rule is that Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been raised on direct appeal.  United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).  Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Gobert, 137 F.3d 315, 318 (5th Cir. 1998), *citing* United States v. Smith, 32 F.3d 194, 196 (5th Cir. 1994).

However, it should be noted that Section 2255 is not a substitute for an appeal.  The Fifth Circuit has held that because a challenge under Section 2255 may not do service for an appeal, a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both cause for her procedural default and actual prejudice resulting from the error.  United States v. Acklen, 47 F.3d 739, 741-42 (5th Cir. 1995).

In this case, Mims did not take a direct appeal. She cannot now attempt to use a Section 2255 proceeding as a substitute for a direct appeal. Her objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original motion to vacate and attached exhibits, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that a certificate of appealability is DENIED. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1** day of **September, 2006.**

_____
Ron Clark, United States District Judge